**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HOWARD COHAN,  )
 )
　　　　　Plaintiff,  )
 )　　　　18 C 4290
　　v.  )
 )　　　　Judge Charles P. Kocoras
HCD CHICAGO CORPORATION,  )
d/b/a OMNI HOTEL CHICAGO,  )
 )
　　　　　Defendant.  )

## ORDER

Before the Court is Defendant HCD Chicago Corporation's, doing business as Omni Hotel Chicago (the "Omni"), motion to dismiss Plaintiff Howard Cohan's ("Cohan") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). For the following reasons, the Court denies the Omni's motion.

## STATEMENT

The following facts are taken from Cohan's Complaint and assumed to be true for purposes of this motion. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). The Court draws all reasonable inferences in Cohan's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Cohan is a Florida resident, currently living in Palm Beach County. He suffers from spinal stenosis, a qualified disability under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, that results in a neurological deficit. His disability

requires the use of a handicap parking space and other means of accessibility for individuals with disabilities.

Cohan acts as an ADA "tester," visiting various businesses open to the public to determine whether they comply with the ADA. As an ADA tester, Cohan personally visits places of public accommodation, tests all barriers of access to determine whether they are illegal, initiates legal action to enjoin such discrimination, and subsequently returns to the premises to verify their compliance or non-compliance with the ADA.

The Omni is a place of public accommodation governed by the ADA. On August 30, 2015, August 1, 2016, and August 18, 2017, Cohan visited the Omni to test its compliance with the ADA. Cohan alleges that, on each of these occasions, he was denied full and equal access to several Omni facilities due to ADA violations. In sum, Cohan claims that he encountered ADA violations, and thus discrimination, in three of the Omni's men's restrooms, including the accessible stalls therein, and the main bar area located on the fourth level of the Omni. Cohan listed numerous violations in the restrooms, including, but not limited to: (1) door opening pressures exceeding the limits for persons with disabilities; (2) failing to provide grab bars or providing grab bars of improper length and/or spacing in the accessible stalls; and (3) failing to provide toilet paper dispensers, coat hooks, water closets, and urinals at the proper height and/or position. He also alleged that the Omni failed to provide seating at the bar for persons with disabilities and that the bar counter height made it impossible to service the same.

Cohan asserts that he intends to revisit the Omni "in the near future," both to personally enjoy the services offered at the Omni and to verify its compliance or non-compliance with the ADA. Cohan states that he frequently travels to Illinois and averages at least two to three trips per year to the state for the past ten years. As it stands, however, Cohan alleges that he is precluded from enjoying full and equal access to the Omni due to its various ADA violations that discriminate against him and cause him injury.

On June 20, 2018, Cohan filed his Complaint seeking injunctive relief. At the time of Cohan's Complaint, the alleged ADA violations at the Omni have not been remedied or altered in a way to effectuate compliance with the ADA.

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a court's subject matter jurisdiction. Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has jurisdiction over its claims. *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc).

The Omni moves to dismiss Cohan's Complaint for lack of standing. To establish standing, Cohan must show: "(1) injury in fact, which must be concrete and particularized, and actual and imminent; (2) a causal connection between the injury and [the Omni's] conduct; and (3) redressability." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013). The Omni's arguments largely relate to the first element. It argues that Cohan lacks standing because he: (1) fails to specifically and plausibly

3

claim that he has an intent to return to the Omni; (2) lacks allegations that his injuries are particularized to him; and (3) does not plausibly show that he is disabled under the ADA.

We will very quickly dispose of the Omni's final argument. Not only does Cohan allege that he has a qualified disability under the ADA, he states that his spinal stenosis causes a neurological deficit. While Cohan does not specifically allege how his spinal stenosis impacts his major life activities, a reasonable inference can be drawn that a man with spinal stenosis that manifests itself as a neurological impairment would be substantially limited by that condition. Furthermore, Cohan alleges that, because of his disabilities, he must use handicap parking spaces and other means of accessibility for persons with disabilities. The Court rejects the Omni's argument that Cohan insufficiently alleged his disability.

The Omni also contends that Cohan has not sufficiently demonstrated a specific and plausible intent to return to the Omni. To properly seek injunctive relief, Cohan must allege an injury that is actual and *imminent*, that is, "a 'real and immediate' threat of future violations of [his] rights." *Scherr*, 703 F.3d at 1074. "A showing of past injury under the ADA, combined with reasonable inferences that the discriminatory treatment will continue and that [Cohan] intends to return to the public accommodation in the future, can be used to establish injury in fact." *Cohan v. Bensenville Hospitality*, 2016 WL 2733281, at *2 (N.D. Ill. 2016). Where, as here, the plaintiff lives far from the place of public accommodation, "a plaintiff can establish standing by demonstrating

4

an intent to return to the area where the public accommodation is located and a desire to visit if the premises were made accessible." *Id.* Cohan's Complaint generally contains such allegations. He states that he will "absolutely return" to the Omni and plans to return in the near future. He claims that he is currently precluded from enjoying full access to the Omni but would return if it were made accessible.

The Omni is not satisfied with these allegations. It argues that Cohan must allege *specific* plans to return, with at least some detail as to when or for what reasons he will revisit the Omni. It further argues that his intent to return must be *plausible*, which, given Cohan's track record of almost 70 ADA lawsuits in the Northern District alone, the Omni believes Cohan's intentions to return to each place of accommodation is not only implausible, but impossible. The Omni urges that Cohan's allegations do not satisfy the *Iqbal*/*Twombly* pleading standard for these reasons.

But Cohan need not allege such detailed information at the motion to dismiss stage. The Omni relies on Seventh Circuit case *Scherr v. Marriott International, Inc.* for the proposition that "'some day' intentions—without any description of concrete plans, or indeed even any specifications of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." 703 F.3d at 1074 (quoting *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 564 (1992)). The *Scherr* court explains, however, that the Supreme Court distinguished its earlier case and "clarified that a plaintiff's 'conditional statements'—that they would visit a place but for ongoing

5

violations—cannot 'be equated with the speculative 'some day intentions' that were insufficient to show injury in fact in *Lujan*." *Id.*

Cohan makes such a conditional statement. He states that he would like to return to the Omni but is currently precluded from doing so because of the architectural barriers at the Omni that violate the ADA. He expresses a desire to return to the Omni if it were made accessible. These allegations, buttressed by Cohan's three visits to the Omni in the past three years, and his frequent travel to Illinois, establish standing. *See, e.g., Scherr*, 703 F.3d at 1074–75 (holding that plaintiff established standing based on her "past travel history and her affirmative desire to stay at the hotel but for the alleged violations"); *Equal Rights Center v. Kohl's Corp.*, 2015 WL 3505179, at *3 (N.D. Ill. 2015) (finding standing where plaintiffs "alleged that they were injured due to Kohl's purported ADA violations and intend to continue to visit the stores where they encountered barriers"); *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1037 (9th Cir. 2008) (holding that plaintiff had standing when she demonstrated her intent to stay at the hotel she was suing if it were made accessible). Cohan need not provide detailed plans as to when he will return to the Omni, though such information would have obviously strengthened his standing argument.[1] We do not read *Scherr* as

---

[1] The cases cited by the Omni that supposedly required more detailed information to sufficiently allege an intent to return are inapposite because they were both at the summary judgment stage, where the record must clearly demonstrate such an intent to establish standing. *See Abreu v. Harold's Chicken Shack*, 2018 WL 1523208 (N.D. Ill. 2018) (finding that a single visit to the restaurant and a "unspecified vague assertion" that the plaintiff would likely return was insufficient to establish standing); *Cohan v. Bensenville Hospitality Inc.*, 2016 WL 2733281 (N.D. Ill. 2016) (determining that Cohan had standing, but only after he submitted an affidavit stating that he had a trip planned to Chicago in 30 days). Should this case reach the summary judgment stage, we might require more information from Cohan than his well-pled allegations that he intends to return. At the motion to dismiss stage, however, Cohan's allegations that he would visit the Omni but for the alleged ADA violations are sufficient.

requiring "allegations showing concrete plans to return," as the Omni contends. That the plaintiff in *Scherr* had plans to return to the area helped her case, but it was her affirmative desire to return to the hotel but for the alleged violations that established standing.

The Omni's arguments regarding the practicality of Cohan's visits to the countless places of public accommodation he is suing likewise have no place in the motion to dismiss stage. The Omni raises a facial challenge to subject matter jurisdiction, which requires the Court to look at Cohan's Complaint and see if he has sufficiently alleged a basis of subject matter jurisdiction. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009). More importantly, "the Court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Id.*

Cohan alleges that he intends to return to the Omni in the near future, both to personally enjoy its services and to verify its compliance with the ADA. He adds that he frequently travels to Illinois and averages two to three trips per year. We must accept these facts as true at this stage and disregard the Omni's extraneous information about the number of lawsuits Cohan has filed and its belief as to whether or not he can revisit all those places of public accommodation. Also of importance, Cohan has already visited the Omni three times, in August 2015, 2016, and 2017. Taking Cohan's allegations as true, he has sufficiently alleged an intent to return to the Omni. *See Cohan v. Bonita Resort & Club Ass'n, Inc.*, 2015 WL 2093565, at *5 (M.D. Fla. 2015) (finding

7

that Cohan sufficiently alleged an intent to return despite the defendant's argument that Cohan's status as a "serial ADA litigant" meant that "any likelihood that [Cohan] will return to [the place of public accommodation] is implausible.").

Lastly, the Omni argues that Cohan does not allege a particularized injury. It insists that Cohan has not tied the alleged ADA violations to his specific disability to show that he, in particular, was injured. The Omni first relies on Justice Thomas' concurring opinion in *Spokeo, Inc. v. Robins*, in which Justice Thomas states:

> A plaintiff seeking to vindicate a public right embodied in a federal statute…must demonstrate that the violation of that public right has caused him a concrete, individual harm distinct from the general population.

136 S. Ct. 1540, 1553 (2016) (Thomas, J., concurring). The Omni takes this to mean that Cohan must allege an injury particularized to him "separate and distinct from the general disabled population." Nothing in the excerpted language or relevant case law supports such a conclusion. Instead, for Cohan's injury to be "particularized" it must "affect [him] in a personal and individual way." *Lac Du Flambeau Band v. Norton*, 422 F.3d 490, 496 (7th Cir. 2005).

The Omni abandons its *Spokeo* argument in its Reply and argues instead that Cohan does not define his disability specifically enough to show he is "among the injured" by the alleged ADA violations. *See United States v. Students Challenging Regulatory Procedures (SCRAP)*, 412 U.S. 669, 687 (1973) (emphasizing that "the party seeking review [must] be himself among the injured"). In support, the Omni cites

8

to cases holding that the alleged barriers must affect persons with the plaintiff's particular disability. For example, in *Hummel v. St. Joseph County Board of Commissioners*, the Seventh Circuit affirmed the district court's ruling that non-blind plaintiffs lacked standing to challenge services for the blind. 817 F.3d 1010, 1021 (7th Cir. 2016). It concluded that the sighted plaintiffs failed to offer evidence at the summary judgment stage explaining how they were injured by the lack of services for blind individuals. *Id*.

Once again, the Omni conflates the evidentiary standard for summary judgment with the pleading requirements at the motion to dismiss stage. Cohan alleges that he has spinal stenosis, a qualified disability under the ADA, which results in a neurological deficit. He asserts that, when he visited the Omni, he encountered ADA violations that, because of his disability, denied him full and equal access to the services provided by the Omni. Sure, he did not explain how each violation specifically affected him. But his allegations, which we must accept as true, demonstrate an injury particular to Cohan that "sets him apart from the man on the street." *United States v. Richardson*, 418 U.S. 166, 194 (1974). Drawing all reasonable inferences in favor of Cohan, we find that he sufficiently alleged a particularized injury based on his disability. *See Bonita Resort*, 2015 WL 2093565, at *4 (rejecting similar argument against Cohan).

9

## CONCLUSION

For the aforementioned reasons, the Omni's motion to dismiss is denied. It is so ordered.

_Charles P. Kocoras_
_____

Dated: 10/26/2018                    Charles P. Kocoras
                                     United States District Judge

10